### In re ADOPTION OF LOPEZ.
No. 152495.

Circuit Court, Hillsborough County.

July 23, 1968.

Albert Cazin and Joseph H. Fernandez, both of Tampa, for the petitioners.

JOHN G. HODGES, Circuit Judge.

*Findings of fact, conclusions of law and final judgment of adoption:* This cause came on for a hearing before the court on July 17, 1968, upon petition for adoption of the minor child, Ronald Ray Lopez, of Julian Gonzal and Mary Louise Gonzal, his wife, the uncle and aunt of said child. The petition was resisted by the natural mother of the said child, Linda Joyce Terrel, formerly Linda Joyce Lopez, who, after due notice, appeared and gave testimony at the hearing before the court; and the court having taken testimony and having carefully considered the same, together with the other evidence adduced, makes the following —.

### Findings of fact

1. The child sought to be adopted is Ronald Ray Lopez, a minor white male, who was born on September 21, 1964, in Rome, Floyd County, Georgia, to Harold Wayne Lopez, now deceased, and Linda Joyce Lopez his wife, formerly Linda Joyce Mann. The natural father and mother of the child were divorced on October 29, 1965, and in the final judgment of divorce the father was granted the care and custody of the child.

2. During the marriage of the natural parents, the father of the child became a member of the United States Army and was stationed in Germany. After having been in the service for approximately one year, he returned to the United States to attend a hearing before the juvenile and domestic relations court of Hillsborough County to determine the dependency and custody of the child involved in this cause. As a result of the hearing the

child was declared to be a dependent child and was placed in the custody and control of the petitioners herein, under the supervision of the court until such time as the court might consider whether the petitioners should be given permission to file a petition for adoption of the child in this court. At that hearing, also, the natural mother, Linda Joyce Lopez, was found to have been living an immoral life. She lived in the home of her mother, the maternal grandmother of the child involved, Mrs. Viola Mann. It was also determined by the court that during this period the natural mother was dating other men and was not conscientious in properly caring for her child. It was recited by the juvenile and domestic relations court that the natural mother on June 17, 1965, was confronted in her apartment under compromising circumstances with a man to whom she was not married. The court concluded from the evidence that the natural mother was immature, immoral, and had neglected the child, Ronald Ray Lopez, and that she was leading a promiscuous life. The natural mother has evidenced ambivalence toward the minor child inasmuch as, during intermittent periods, she has apparently forsaken the child and during other periods has appeared to have strong emotional ties with him. She, after the divorce from the natural father, gave birth out of wedlock to another white male, whose name she testified is Richard Brothers. Since the birth of the said Richard Brothers, the natural mother has married, on January 10, 1968, Jaimie Antonio Terrel, the marriage ceremony having been performed in the Hillsborough County Jail where Mr. Terrel was incarcerated for violation of his parole prior to being sentenced to serve the remainder of a prison sentence at the state prison at Raiford. His original sentence was upon conviction of assault with intent to commit rape on a fifteen year old female in 1954. He had been married before and is the father of four children by the initial marriage, two males and two females. Mr. Terrel has not supported any of his children by the former marriage, nor has he contributed to the support of his wife, the natural mother of the child herein sought to be adopted.

The natural mother is now living with her minor child, Richard Brothers, at the home of the maternal grandmother of the adoptive child. The natural mother has no apparent means, except for her meager salary as an employee of the Ritz Theatre, to meet the needs of two children and the present facilities being utilized by her are completely inadequate to provide fundamental services necessary for the proper development of the minor child involved herein.

3. On September 29, 1965, the child was placed in the care, custody and control of the petitioners herein by the juvenile and

domestic relations court. Since that time, he has resided with the petitioners continuously.

4. The natural father signed a specific consent for the adoption of the child by the petitioners herein on October 29, 1965. The natural mother has refused to give her consent to the adoption.

5. The natural father, the late Harold Wayen Lopez, was killed in heroic action in Vietnam on July 27, 1967.

6. The prospective adoptive father, Julian Gonzal, petitioner, has been self-employed since January 1968, having formed the American Lawn Service in a partnership with Mr. Domingo Alfonso. He had had five years experience in this business prior to his last employment. His work includes landscaping services and lawn care and he is successful in this business. Mr. Gonzal is also employed at the Univerity of Tampa as head gardener of that institution. His average weekly income is $200. The prospective adoptive father has no bad habits, has no criminal record, and he was clear and articulate before the court in demonstrating his devotion and dedication to the welfare and best interests of the minor child involved. He convinced the court that he has a complete and full realization of the serious duties and responsibilities of a purposeful, helpful and unselfish father. The prospective adoptive mother, the petitioner, Mary Louise Gonzal, possesses the traits of character, understanding, warmth and dedication to the task which she seeks herein as will add to the material and stable environment of the home of the petitioners. Mrs. Gonzal, sister of the natural father of the child, has no bad habits and devotes her entire energies to generating a proper atmosphere in the home and to caring for the needs of the child. The petitioners are capable of providing, and will provide, in the court's opinion, the physical, emotional and spiritual nourishment which the child will need in the development of his full potential as a worthwhile citizen and member of society. The house in which the petitioners reside with the child is clean, neat and of adequate size to completely accommodate the requirements of the child and the petitioners herein.

From the foregoing facts, the court makes the following —

### Conclusions of law

1. Ordinarily, a natural mother has the legal right to the custody of her own child unless there is some overriding problem pertaining to the welfare and best interest of the child which would negative this right. As the courts have time and time again stated, this is a rule older than the common law itself and one that had its incep-

tion in the Garden of Eden when Adam and Eve gave birth to Cain. It is natural for a child, especially one of tender years, to be with its mother, and under normal circumstances there is no love or attachment stronger than that between a natural mother and her offspring. However, in cases such as the one before this court, the ultimate welfare of the child controls, under the particular facts, to preclude the right of the natural mother and gainsay the strong presumption which is usually indulged in her favor.

2. The respondent, Linda Joyce Terrel, formerly Linda Joyce Lopez, the natural mother involved in this case, has not, in the court's opinion, demonstrated the interest, inclination, precept, stability, love and devotion necessary to sustain her legal right to enjoy the custody of her child in this case. Rather, she has exhibited that she cannot or will not give the boy the complete and undivided love and the dedicated care, training and guidance which are the prime criteria in determination of the basic question of custody. Neither the biological fact of natural parenthood nor the strong natural instinct of motherly love, standing alone, is enough. Even the two together are insufficient to sustain the strong presumption in favor of the natural parents if the evidence points boldly and unmistakenly in the other direction toward the best interest and welfare of the child.

3. The petitioners, Julian Gonzal and Mary Louise Gonzal, on the other hand, have clearly demonstrated to the court that they can afford to the said minor child the stable environment, complete and undivided love, care, attention, training and education which are necessary for the full and proper development of the child. They have evidenced the moral background and parental capacity which contribute to the character development of a well-adjusted and valuable citizen and, as a matter of law, are entitled to adopt the said child. The petitioners are much more desirous and are in a much better position to serve the welfare of the child than the natural mother, whose rehabilitation, after her most recent marriage, may still be questionable, and who is faced with problems in rearing her most recent child without the benefit of his father at the present time. Moreover, her problems are magnified, in the court's opinion, by the fact that she is married to a man who himself will be faced, upon his release from prison, with the problem of rehabilitation to become a useful citizen and husband and who is beset with the added responsibility of four children of his own by a former wife.

In consideration of the foregoing, and the court being otherwise fully advised in the premises, it is ordered, adjudged and decreed that the petition of Julian Gonzal and Mary Louise Gonzal, his

wife, for the adoption of Ronald Ray Lopez be and the same is hereby granted and that the said petitioners be and they are hereby decreed to be the legal parents of Ronald Ray Lopez in all respects as if the said minor child had been born naturally to them.

It is further ordered, adjudged and decreed that the rights, duties, privileges and obligations of the respondent, Linda Joyce Terrel, formerly Linda Joyce Lopez, the natural mother of said minor child, be and the same are hereby decreed to be ceased, determined, annulled and held for naught.

It is further ordered, adjudged and decreed that the said minor child shall hereafter at all times be known as Harold Wayne Gonzal.